CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 26 2007
JOHN F CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| COLETTE D. LOLLIS, | ) | CASE NO. 4:07CV00004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security[1], | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 1, 2005 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, April 28, 2004, and that she was insured

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

for benefits through December 31, 2008. (R. 18.) The Law Judge determined that plaintiff had the following severe impairments: anxiety, a mood disorder, coronary artery disease, and fibromyalgia. (*Id.*) He concluded that these impairments were not severe enough to meet or equal any listed impairment, and that although her impairments could be expected to produce the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible; her allegations were "extreme" and inconsistent with her own statements in the medical records; her statements in the medical records were inconsistent with her testimony; and her description of her symptoms and limitations were inconsistent with the documented medical findings. (R. 22-23.) The Law Judge determined that her residual functional capacity (RFC) allowed her to lift twenty pounds occasionally; lift ten pounds frequently; stand/walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally climb, stoop, crouch, crawl, and kneel; and frequently balance. (R. 21.) The Law Judge further determined that she suffered moderate limitations in the following areas: her ability to understand, remember, and carry out detailed job instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; complete a normal workday or workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism

from supervisors; and respond appropriately to changes in the work-setting.[2] (*Id.*) The Law Judge found that, notwithstanding these limitations, plaintiff was not precluded from returning to her past relevant work as a medical records clerk[3] or a customer service representative and, thus, she was not disabled under the Act. (R. 25-26.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the decision. (R. 9-11.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge erred in finding that she could perform her past relevant work. (Plaintiff's

---

[2] The Law Judge concluded that plaintiff's psychological limitations did not preclude her from seeking and maintaining part-time or full time employment. (R. 21.)

[3] The Law Judge erred in stating that the VE testified the medical records clerk position is light exertional, as the VE actually testified that the position is sedentary. (R. 25, 385.)

Brief, pp. 33-35.) Specifically, she contends that the hypothetical presented to the VE was not consistent with the Law Judge's findings related to her functional capacity and did not adequately reflect her mental limitations. (*Id.*) The undersigned agrees.

As noted above, the Law Judge found that plaintiff was **moderately limited** in the following areas: ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors, and respond appropriately to changes in the working setting. (R. 21.) In contrast, the Law Judge presented the following hypothetical to the VE:

> She's moderately limited in several areas that [sic] as indicated by the reviewing physician at DDS, she remains capable of understanding, remembering instructions, interacting appropriately with people and adapting to changing activities within the workplace. She makes simple decisions, and she can carry out very short and simple instructions and is able to maintain attention and concentration for extended periods of time, and *she would be able to maintain regular attendance and be punctual and should be expected* to complete a normal workday without exasperation of psychological symptoms. In spite of history of difficulty interacting with the general public *has the ability to get along* with others in the workplace and get along with them without distracting them, and she can exercise appropriate judgment in the workplace, and *she could function* in production-oriented jobs requiring little independent decision making. And the limitations resulting from impairment **do not preclude** *her from, from forming* [sic] *the basic mental demands* of competitive work on a sustained basis. She **remains capable of** *understanding*, remembering instructions, concentrating and interacting with others and adapting to changes in the workplace.

4

(R. 386-387 (emphases added).)

Rather than describing the limitations to the VE as the Law Judge found them, he appears to have presented his own conclusions as to their vocational effects in what would give the appearance of a hypothetical question. However, by inserting the conclusory terms, such as those highlighted above, the Law Judge converted a hypothetical set of facts in question format to a rhetorical question, the answer to which is compelled by the characterization of the question.

Therefore, it is RECOMMENDED the court enter an Order GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

10/26/07
Date